IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK LYNDON HAWKINS,

       Plaintiff,                   No. CIV S-08-0529 FCD JFM P

       vs.

SUISUN CITY POLICE DEPARTMENT,

       Defendant.           <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1    The court is required to screen complaints brought by prisoners seeking relief

2  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

3  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

4  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

5  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

6  U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13  Cir. 1989); Franklin, 745 F.2d at 1227.

14    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

15  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

17  Corp. v. Twombly, __ U.S. __, 2007 WL 1461066, slip op. at 8 (2007) (quoting Conley v. Gibson,

18  355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint

19  must contain more than "a formulaic recitation of the elements of a cause of action;" it must

20  contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell

21  Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

22  "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

23  Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197 (June 4, 2007) (quoting Bell, slip op. at 7-8, in turn

24  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  In reviewing a complaint under this standard,

25  the court must accept as true the allegations of the complaint in question, Erickson, id., and

26  /////

1    construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S.

2    232, 236 (1974).

3                 Plaintiff alleges he was assaulted and falsely arrested on February 8, 2008.

4    Plaintiff named only the Suisun City Police Department as a defendant.  Plaintiff states his

5    "complaint is against the arresting agency and officers" and that all officers' names are unknown

6    at this time.  (Complt. at 4.)  Plaintiff states he "will amend this complaint and add necessary

7    information as [he] receive[s] it."  (Complt. at 5.)

8                 The Civil Rights Act under which this action was filed provides as follows:

9                 Every person who, under color of [state law] . . . subjects, or causes
                 to be subjected, any citizen of the United States . . . to the
10                deprivation of any rights, privileges, or immunities secured by the
                 Constitution . . . shall be liable to the party injured in an action at
11                law, suit in equity, or other proper proceeding for redress.

12   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

14   <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

15   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

17   omits to perform an act which he is legally required to do that causes the deprivation of which

18   complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

19                Moreover, supervisory personnel are generally not liable under § 1983 for the

20   actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

21   defendant holds a supervisorial position, the causal link between him and the claimed

22   constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

23   (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

24   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

25   in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

26   Cir. 1982).

1    The court finds the allegations in plaintiff's complaint so vague and conclusory

2  that it is unable to determine whether the current action is frivolous or fails to state a claim for

3  relief.  The court has determined that the complaint does not contain a short and plain statement

4  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

5  policy, a complaint must give fair notice and state the elements of the claim plainly and

6  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

7  must allege with at least some degree of particularity overt acts which defendants engaged in that

8  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

9  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

10  file an amended complaint.

11    If plaintiff chooses to amend the complaint, plaintiff must name the officers[1] and

12  demonstrate how their actions violated his constitutional rights.  See Ellis v. Cassidy, 625 F.2d

13  227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

14  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

15  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

16  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

17  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

18  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

19  F.2d 266, 268 (9th Cir. 1982).

20    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

21  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

22  amended complaint be complete in itself without reference to any prior pleading.  This is

23  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

24  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

25

26    [1]  This information is available to plaintiff by obtaining a copy of the arrest report from
the Suisun City Police Department.

4

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is cautioned that the Federal Rules contemplate that service of process on defendants will take place within four months from the filing of the complaint.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  March 24, 2008.

UNITED STATES MAGISTRATE JUDGE

---

[2]  Rule 4(m) provides as follows:  "(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."  Fed. R. Civ. P. 4(m).

1   /001; hawk0529.14a

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26