1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK HAWKINS,

11           Plaintiff,                        No. 2:08cv0529 FCD JFM PS

12        v.

13   SUISUN CITY POLICE DEPARTMENT,    _____ORDER AND

14           Defendant.                        FINDINGS & RECOMMENDATIONS

15   _____/

16           Plaintiff is proceeding pro se and in forma pauperis.  Plaintiff is presently being

17   held at the Justice Center Detention Facility, 500 Union Avenue, Fairfield, California  94534.

18   On July 23, 2008, plaintiff wrote the court clerk seeking assistance in obtaining a copy of the

19   police report and seeking additional time in which to amend his complaint.

20           The court has reviewed plaintiff's complaint and determined that any cause of

21   action plaintiff may have arising from these facts cannot accrue until after the resolution of state

22   criminal charges against plaintiff.

23   _____Plaintiff does not allege sufficient facts to state a claim for false arrest or false

24   imprisonment.  The complaint alleges plaintiff was assaulted and falsely arrested by the Suisun

25   City Police Department officers.  Plaintiff avers he had a heart attack due to the officers' abuse

26   and was hospitalized.  Plaintiff presents no facts indicating that the arrest was unlawful, a

                                              1

1    necessary element of a false arrest or imprisonment claim.  Bureerong v. Uvawas, 959 F. Supp.

2    1231, 1235 n.2 (C.D. Cal. 1997) (citing Fermino v. Fedco, Inc., 7 Cal. 4th 701 (Cal. 1994)).

3              Moreover, Heck v. Humphrey, 512 U.S. 477 (1994) states that if the success of a

4    § 1983 claim would imply the invalidity of a conviction or sentence, a plaintiff must show that

5    the conviction or sentence already has been invalidated.  Id. at 486-87.  Heck has been interpreted

6    to apply to pending charges, Harvey v. Waldron, 210 F.3d 1008, 1014-15 (9th Cir. 2000), and

7    also to state tort claims.  See Susag v. City of Lake Forest, 94 Cal. App. 4th 1401, 1406, 1409-10

8    (2002).  The rule in Heck specifically applies to false arrest and false imprisonment claims.  See

9    Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998).  The court in Harvey also

10   applied Heck to illegal search and seizure claims, holding that "a § 1983 action alleging illegal

11   search and seizure of evidence upon which criminal charges are based does not accrue until the

12   criminal charges have been dismissed or the conviction has been overturned."  Harvey, 210 F.3d

13   at 1015.  Thus, even factually sufficient claims of false arrest, false imprisonment, and illegal

14   search by plaintiff would not be presently cognizable.  To proceed on his false arrest or false

15   imprisonment claims, plaintiff must show that any state charges against him arising from the

16   facts relevant to this case have been dismissed or otherwise invalidated, or that any conviction on

17   those charges has been invalidated.

18              Here, it is clear from plaintiff's address of record that he remains in custody.

19   Thus, plaintiff cannot demonstrate that the charges against him have been dismissed or otherwise

20   invalidated.  Therefore, plaintiff's action is premature and must be dismissed.  Heck v.

21   Humphrey, 512 U.S. 486-87.

22              Accordingly, IT IS HEREBY ORDERED that plaintiff's request for extension of

23   time in which to amend his complaint is denied; and

24              IT IS HEREBY RECOMMENDED that this action be dismissed.

25              These findings and recommendations are submitted to the United States District

26   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

1  days after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Such document should be captioned

3  "Objections to Magistrate Judge's Findings and Recommendations."   The parties are advised

4  that failure to file objections within the specified time may waive the right to appeal the District

5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:  August 21, 2008.

7

8                                             UNITED STATES MAGISTRATE JUDGE

9

10  001; hawkins.56

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26