1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MARK HAWKINS,

11         Plaintiff,                    No. 2:08-cv-0529 FCD JFM P

12     v.

13  SUISUN CITY POLICE DEPARTMENT,

14         Defendant.                    ORDER

15  _____/

16         Plaintiff is proceeding pro se and in forma pauperis.  On August 22, 2008, the

17  court recommended this action be dismissed.  On September 8, 2008, plaintiff filed objections.

18  Good cause appearing, the findings and recommendations will be vacated.

19         The court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24  U.S.C. § 1915A(b)(1),(2).

25         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

It appears that plaintiff has now been convicted as he is presently incarcerated in state prison.  (See Docket No. 13.)  The inmate locator for the California Department of Corrections-Rehabilitation reports that plaintiff was committed to the custody of the Department of Corrections on April 1, 2008, after convictions in the Solano County Superior Court, Case Numbers FCR 250626 and FPR 249835.  However, it is not clear from plaintiff's complaint that his present incarceration is a result of the February 8, 2008 arrest at issue herein.  Plaintiff will be directed to file an amended complaint clarifying the status of the case resulting from said arrest.

In his objections, plaintiff reiterates his concern that he has been unable to obtain a copy of the arrest report either from the district attorney or his assigned public defender, Maria Alex, despite his and other persons' calls on his behalf. Arrest reports are exempt from disclosure under California law. Cal. Govt. Code § 6254, subd. (f); see, e.g., Furnishing Copies of Arrest or Complaint Reports, 65 Ops. Cal. Atty. Gen. 563 (1982) [while a law enforcement agency must provide certain information about arrests under subdivision (f), the arrest reports themselves are exempt from disclosure].). However, plaintiff should be able to obtain specific information he needs, for example, the names of the arresting officers, from his public defender from his criminal case file. The Clerk of the Court will be directed to serve a copy of this order on Maria Alex.

As previously noted, plaintiff does not allege sufficient facts to state a claim for false arrest or false imprisonment. The complaint alleges plaintiff was assaulted and falsely arrested by the Suisun City Police Department officers. Plaintiff avers he had a heart attack due to the officers' abuse and was hospitalized. Plaintiff presents no facts indicating that the arrest was unlawful, a necessary element of a false arrest or imprisonment claim. Bureerong v. Uvawas, 959 F. Supp. 1231, 1235 n.2 (C.D. Cal. 1997) (citing Fermino v. Fedco, Inc., 7 Cal. 4th 701 (Cal. 1994)).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of

/////

Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The August 22, 2008 findings and recommendations [docket no. 12] are vacated;

2. Plaintiff's complaint [docket no. 1] is dismissed with leave to amend; and

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

/////

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    4. The Clerk of the Court is directed to forward a copy of this order to Solano County Public Defender Maria Alex, 675 Texas Street, Suite 3500, Fairfield, California  94533.

DATED: September 11, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; hawk0529.vac

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK HAWKINS,

        Plaintiff,                          No. 2:08-cv-0529 FCD JFM P

    v.

SUISUN CITY POLICE DEPARTMENT,      NOTICE OF AMENDMENT

        Defendants.

        /

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____      Amended Complaint

DATED:

                                                  Plaintiff

DATED:

001; hawkins.vac